```
                                                              FILED
                                                       U.S. DISTRICT COURT
                                                          AUGUSTA DIV.
              IN THE UNITED STATES COURT
                                                       2006 FEB -3  PM 1: 49
        FOR THE SOUTHERN DISTRICT OF GEORGIA

                    STATESBORO DIVISION              CLERK_____
                                                        SO. DIST. OF GA.
```

DAVID LITTLE JOHN,              )
                                )
        Plaintiff,               )
                                )
    v.                           )    CV 604-099
                                )
CAPTAIN DASHER, et al.,         )
                                )
        Defendants.              )

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

*Pro se* Plaintiff, an inmate confined at Dooly State Prison in Unadilla, Georgia, commenced the above-styled case pursuant to 42 U.S.C. § 1983.[1] The matter is currently before the Court on Defendants' motion for summary judgment. (Doc. no. 27). Defendants argue, *inter alia*, that Plaintiff's case should be dismissed for failure to exhaust administrative remedies. (Id. at 25-26). Plaintiff has filed no response to the motion; accordingly, the Court deems it unopposed.[2] Loc. R. 7.5. For the following reasons, the Court **REPORTS** and **RECOMMENDS** that Defendants' motion be **GRANTED**, that Plaintiff's case be **DISMISSED** without prejudice for failure to exhaust administrative remedies, that an appropriate **FINAL JUDGMENT** be entered in favor of Defendants, and

---

[1] At the time Plaintiff filed the instant complaint, he was incarcerated at Smith State Prison ("SSP") in Glennville, Georgia.

[2] The Court has apprised Plaintiff on three separate occasions of the consequences of failing to respond to a motion for summary judgment. (See doc. no. 7, p. 6; doc. no. 29, p. 1, doc. no. 31, pp 1-3). Accordingly, the notice requirements of Griffith v. Wainwright, 772 F.2d 822, 825 (11th Cir. 1985)(*per curiam*), have been satisfied, and the Court deems Defendants' motions unopposed.

that this civil action be **CLOSED**.

## I. STATEMENT OF FACTS

Plaintiff filed the instant complaint on August 19, 2004, alleging that he was sodomized and beaten by two other inmates at SSP on July 17, 2003. (Doc. no. 1, pp. 6-7). According to Plaintiff, Defendants violated his constitutional rights because: 1) they were deliberately indifferent to a serious risk to his safety; and 2) they were deliberately indifferent to his serious medical needs resulting from injuries he sustained in the July 17th attack. (Id. at 8-9). Defendants argue that Plaintiff failed to exhaust available administrative remedies as required by the Prison Litigation Reform Act ("PLRA"), 42 U.S.C. § 1997e(a), and that, as a result, his case must be dismissed. (Doc. no. 27, pp. 24-25). Specifically, Defendants contend that Plaintiff did not file a grievance regarding his complaints until April 2004, several months later. (Id.). According to Defendants, this grievance was denied as untimely, and Plaintiff did not appeal the denial. (Id. at 25).

In support of these assertions, Defendants offer the affidavits of Mr. Daniel Cunningham, Chief Counselor at SSP, and Ms. Sarah Draper, Assistant Director of Inmate Affairs, a copy of Plaintiff's April 2004 grievance, and a copy of the Georgia Department of Corrections Standard Operating Procedure ("SOP") which governs the administrative remedies available to Georgia inmates. Defs.'Exs. E, F, H. (attached to doc. no. 28). According to Ms. Draper and Mr. Cunningham, a search of Plaintiff's grievance records and institutional file reveals that he has only filed one grievance, the aforementioned April 23, 2004 grievance. Defs.'Ex. E, p. 2; Defs.'F, pp. 1-2. Defendants' copy of the April 23rd grievance shows that it was denied because it was "filed well out of time." Defs.' Ex. K, p.

1. The record also indicates that Plaintiff did not appeal the denial of his grievance.

Inmate grievance procedures at SSP are governed by SOP IIB05-0001. See Defs.' Ex. H. The SOP was revised on June 1, 2004, but under the version in effect both at the time of Plaintiff's alleged assault (July 13, 2003) and at the time he filed his grievance (April 23, 2004), an inmate had five business days (a limit that could be waived for good cause) "from the date the inmate discovered, or reasonably should have discovered, the incident giving rise to the complaint" to begin the administrative process by filing a formal grievance; the Warden then had thirty (30) days to review and respond to the grievance. Id., SOP IIB05-0001 § VI(D)(5)(Eff. date May 1, 2003). Once the Warden provided a response, the inmate could appeal the response to the Office of the Commissioner by completing a Grievance Appeal Form and submitting it and the original grievance form to the inmate's assigned counselor or Grievance Coordinator. (Id. § VI(D)(5) (k)-(n)).

Thus, Plaintiff failed to comply with the SOP because: 1) his grievance was clearly untimely absent some good cause for his dilatoriness; and 2) he failed to file an appeal. Of course, in his grievance, Plaintiff explains that his grievance was untimely filed because prison staff did not give him a grievance form "at the time [Plaintiff] requested one." Defs.' Ex. K, p. 1. Of course, even assuming that statement is true, Plaintiff's proffered excuse for his untimely grievance does not explain his failure to appeal the Warden's denial of his grievance. Having set forth the factual background of the case, the Court turns to the legal merits of Defendants' motion.

## II. SUMMARY JUDGMENT STANDARD

Summary judgment is appropriate only if "there is no genuine issue as to any material

fact and the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). Applicable substantive law identifies which facts are material in a given case.[3] Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986).

When seeking summary judgment, the movant must show, by reference to materials on file, that there are no genuine issues of material fact to be decided at a trial. Clark v. Coats & Clark, Inc., 929 F.2d 604, 608 (11th Cir. 1991). If the burden of proof at trial rests with the movant, to prevail at the summary judgment stage, the movant must show that, "on all the essential elements of its case . . . , no reasonable jury could find for the nonmoving party." United States v. Four Parcels of Real Property, 941 F.2d 1428, 1438 (11th Cir. 1991) (*en banc*). On the other hand, if the non-moving party has the burden of proof at trial, the movant may prevail at the summary judgment stage either by negating an essential element of the non-moving party's claim or by pointing to specific portions of the record that demonstrate the non-moving party's inability to meet its burden of proof at trial. Clark, 929 F.2d at 606-08 (explaining Adickes v. S.H. Kress & Co., 398 U.S. 144 (1970) and Celotex Corp. v. Catrett, 477 U.S. 317 (1986)). Merely stating that the non-moving party cannot meet its burden at trial is not sufficient. Clark, 929 F.2d at 608. Evidence presented by the movant is viewed in the light most favorable to the non-moving party. Adickes, 398 U.S. at 157.

If the moving party carries the initial burden, then the burden shifts to the non-

---

[3]The Court is mindful that for purposes of summary judgment, only disputes about material facts are important. That is, "[t]he mere existence of some factual dispute will not defeat summary judgment unless that factual dispute is material to an issue affecting the outcome of the case." McCormick v. City of Fort Lauderdale, 333 F.3d 1234, 1244 (11th Cir. 2003) (citation omitted).

4

moving party "to demonstrate that there is indeed a material issue of fact that precludes summary judgment." Clark, 929 F.2d at 608. The non-moving party cannot carry its burden by relying on the pleadings or by repeating conclusory allegations contained in the complaint. Morris v. Ross, 663 F.2d 1032, 1034 (11th Cir. 1981). Rather, the non-moving party must respond either by affidavits or as otherwise provided in Fed. R. Civ. P. 56. "The evidence of the non-movant is to be believed, and all justifiable inferences are to be drawn in his favor." Anderson, 477 U.S. at 255 (quoting Adickes, 398 U.S. at 158-59). A genuine issue of material fact is said to exist "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." Id. at 248.

## III. DISCUSSION

The PLRA, 42 U.S.C. § 1997e(a), provides that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison or other correctional facility until such administrative remedies as are available are exhausted." The PLRA's mandatory exhaustion requirement applies to all federal claims brought by any inmate. Porter v. Nussle, 534 U.S. 516, 520 (2002). Furthermore, the Court does not have discretion to waive the requirement, even if it can be shown that the grievance process is futile or inadequate. Alexander v. Hawk, 159 F.3d 1231, 1325-26 (11th Cir. 1998).

To properly exhaust his claims, an inmate must satisfy any and all procedural requisites, including "administrative deadlines." Johnson v. Meadows, 418 F.3d 1152, 1154 (11th Cir. 2005). If a prisoner fails to complete the administrative process or falls short of compliance with procedural rules governing prisoner grievances, he procedurally defaults his

5

claims. Id. at 1159. As noted *supra*, Plaintiff failed to comply with the procedural rules governing the administrative process because his grievance was untimely and because he failed to appeal the denial of his grievance.

Both of these faults are fatal to the instant suit. As noted *supra*, even assuming *arguendo* that good cause existed for Plaintiff's dilatoriness in filing a grievance, this would not excuse his failure to "fully exhaust" his claim by appealing the denial of his grievance. Id. In short, because Plaintiff did not pursue an administrative appeal, he did not exhaust all available administrative remedies, and the instant suit must be dismissed. Moore v. Smith, 18 F. Supp.2d 1360, 1362 (N.D. Ga. 1998). Consequently, Defendants are entitled to summary judgment. Thus, the Court need not reach the balance of Defendants' arguments, which address the merits of Plaintiff's case.

All that said, the Court declines to recommend that the instant case be dismissed with prejudice. Cf. Johnson, 418 F.3d at 1157 (quoting Marsh v. Jones, 53 F.3d 707, 710 (5th Cir. 1995)) ("[w]ithout the prospect of a dismissal with prejudice, a prisoner could evade the exhaustion requirement by filing no administrative grievance or by intentionally filing an untimely one"). Plaintiff is proceeding *pro se*, and courts have voiced dislike for the harshness of dismissing a *pro se* case with prejudice prior to an adjudication on the merits. See, e.g., Minnette v. Time Warner, 997 F.2d 1023, 1027 (2d Cir. 1993); see also Brown v. Hobbs, No. 03-14966, slip op. at 3 (11th Cir. Mar. 11, 2004) (affirming grant of summary judgment and dismissal of prisoner claims without prejudice based on failure to exhaust administrative remedies). Thus, although it is at least arguable that the Court has authority to dismiss Plaintiff's claims with prejudice for failure to exhaust administrative remedies,

6

the Court determines that it would not be appropriate to do so at this time.

### IV. CONCLUSION

For the reasons explained above, the Court **REPORTS** and **RECOMMENDS** that Defendants' motion be **GRANTED**, that Plaintiff's case be **DISMISSED** without prejudice for failure to exhaust administrative remedies, that an appropriate **FINAL JUDGMENT** be entered in favor of Defendants, and that this civil action be **CLOSED**.

SO REPORTED and RECOMMENDED this 3rd day of February, 2006, at Augusta, Georgia.

W. LEON BARFIELD
UNITED STATES MAGISTRATE JUDGE